# UNITED STATES DISTRICT COURT

Southern District of Illinois

Benton Division

R. Eric Marten

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

See Attached Defendant List

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. 26-cv-1026-SPM
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

# I. The Parties to This Complaint

## A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | R. Eric Marten |
| Address | 507 North 11th Street |
| | Vienna (*City*) Illinois (*State*) 62995 (*Zip Code*) |
| County | Johnson County |
| Telephone Number | 618-658-0604 |
| E-Mail Address | tyr.principle@gmail.com |

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Pete Sopczak |
| Job or Title *(if known)* | Johnson County Sheriff |
| Address | See attached Defendant List |
| | Vienna (*City*) Illinois (*State*) 62995 (*Zip Code*) |
| County | Johnson County |
| Telephone Number | Unknown |
| E-Mail Address *(if known)* | Unknown |

☒ Individual capacity ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Scott Sparks |
| Job or Title *(if known)* | Johnson County Sheriff's Deputy |
| Address | See attached Defendant List |
| | Vienna (*City*) Illinois (*State*) 62995 (*Zip Code*) |
| County | Johnson County |
| Telephone Number | Unknown |
| E-Mail Address *(if known)* | Unknown |

☒ Individual capacity ☒ Official capacity

Defendant No. 3

Name: Jonathon Gearing

Job or Title *(if known)*: Johnson County Sheriff's Deputy

Address: See attached Defendant List

Vienna (*City*) Illinois (*State*) 62995 (*Zip Code*)

County: Johnson County

Telephone Number: Unknown

E-Mail Address *(if known)*: Unknown

☒ Individual capacity ☒ Official capacity

Defendant No. 4

Name: Dustin Scheffer

Job or Title *(if known)*: Johnson County Sheriff's Personnel/Deputy

Address: See attached Defendant List

Vienna (*City*) Illinois (*State*) 62995 (*Zip Code*)

County: Johnson County

Telephone Number: Unknown

E-Mail Address *(if known)*: Unknown

☒ Individual capacity ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

First Amendment; Fourth Amendment; and Fourteenth Amendment rights, including alleged retaliation, u

See attached continuation pages for the constitutional rights alleged.

C. Not applicable. Plaintiff is not asserting a Bivens claim against federal officials.

Each individual defendant acted, or is alleged to have acted, while exercising authority as Johnson Coun

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any

Each individual defendant is alleged to have acted under color of state or local law while exercising or purporting to exercise authority as Johnson County Sheriff or Sheriff's Department personnel. See attached continuation pages.

Not applicable. Plaintiff is not asserting a Bivens claim against federal officials.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Primarily in Johnson County, Illinois, including Vienna and locations connected with Plaintiff's property an

See attached continuation pages.

B. What date and approximate time did the events giving rise to your claim(s) occur?

Events occurred on multiple dates, including conduct beginning by at least March 2025 and continuing th

See attached continuation pages.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See attached Statement of Claim. Persons involved include Joshua D. McMurtry and/or Bridget McMurtry

See attached continuation pages for the numbered statement of claim and factual allegations.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiff alleges loss of equal access to law-enforcement services, interference with property use and protection, le

See attached continuation pages for Plaintiff's injuries, medical impacts, economic losses, employment loss, property-sale losses, and relational harm.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Plaintiff requests compensatory damages according to proof; punitive damages against individual defendants whe

See attached continuation pages for the relief requested.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: July 22, 2026

Signature of Plaintiff [signature]

Printed Name of Plaintiff R. Eric Marten

### B. For Attorneys

Date of signing: 7-23-26

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

City State Zip Code

Telephone Number 618 658-0604

E-mail Address TYR.PRINCIPLE@GMAIL.COM



Print Save As... Add Attachment Reset

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# BENTON DIVISION

## R. ERIC MARTEN, Plaintiff v. JOHNSON COUNTY, ILLINOIS, et al., Defendants

Case No. ____________________ (Clerk's Office will provide)

## ATTACHMENT TO PRO SE 15 - DEFENDANTS, CAPACITIES, FACTUAL ALLEGATIONS, INJURIES, AND RELIEF

### A. Defendants and Capacities

**Johnson County, Illinois.** Plaintiff names Johnson County as a local governmental entity only to the extent liability may be established through an actionable policy, custom, practice, final-policymaker decision, or deliberately indifferent failure attributable to the County or Sheriff. Plaintiff does not rely on respondeat superior alone.

**Pete Sopczak**, Johnson County Sheriff; **Scott Sparks**, Johnson County Sheriff's Deputy; **Jonathon Gearing**, Johnson County Sheriff's Deputy; and **Dustin Scheffer**, also referenced in some records or requests by variant spellings including Shafer, Shaffer, or Schaefer, are each sued in **both their individual and official capacities** to the extent permitted by law. Individual-capacity claims concern each person's own alleged acts or omissions. Official-capacity claims are asserted only to the extent legally available for entity, policymaker, or prospective-relief purposes.

**John/Jane Doe Johnson County Sheriff's Department Personnel 1-20** are presently unidentified personnel whose identities and specific roles are expected to be determined through records and discovery. Plaintiff intends to seek leave to amend as permitted by Federal Rule of Civil Procedure 15 when identities, acts, or additional legally cognizable participants are established.

### B. Nonparty Private Participants

**Joshua D. McMurtry and Bridget McMurtry** are presently identified as nonparty private participants and potential witnesses, not as named Section 1983 defendants. Plaintiff alleges that accusations, requests, statements, and property-related claims connected to one or both McMurtrys formed material parts of the factual chain that led to the challenged governmental actions. Plaintiff seeks discovery concerning communications, reports, statements, requests for trespass enforcement, and other interactions between the McMurtrys and the governmental defendants. If discovery establishes legally sufficient joint action, conspiracy, or an agreement with state actors to deprive Plaintiff of federal rights, Plaintiff may seek leave to amend as permitted by law.

### C. Jurisdiction, Venue, and Color of Law

This action is brought under 42 U.S.C. § 1983 for alleged deprivations of federal constitutional rights by state or local actors. Plaintiff alleges violations implicating the First, Fourth, and Fourteenth Amendments, including alleged retaliation, selective or unequal law-enforcement treatment, and specific seizure or criminal-process violations to the extent supported by the controlling records and discovery. Federal-question jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1343. Venue is alleged to be proper because the principal events occurred in Johnson County, Illinois, within the Southern District of Illinois. Each individual governmental defendant is alleged to have acted under color of state or local law while exercising or purporting to exercise official authority. Plaintiff is not asserting a Bivens claim against federal officials.

### D. Location and Time Period

The principal events occurred in Johnson County, Illinois, including Vienna and locations connected with Plaintiff's property and interactions with the Johnson County Sheriff's Department. The challenged pattern is alleged to have existed by at least March 2025 and continued thereafter. Plaintiff also alleges a related June 2023 encounter involving Deputy Jonathon Gearing as background and pattern evidence, subject to the underlying records.

### E. Statement of Claim

**1. Repeated refusal or failure to provide accountable law-enforcement intake.** Plaintiff repeatedly sought law-enforcement assistance concerning a property and occupancy dispute involving Joshua D. McMurtry and/or Bridget McMurtry and conduct Plaintiff reported as threats, stalking, intimidation, trespass, extortion, theft, criminal damage, unlawful restraint, and interference with property. Plaintiff alleges Sheriff's Department personnel repeatedly characterized his complaints as 'civil,' refused or failed to create accountable complaint or incident records, failed to provide report numbers in material instances, or failed to conduct or document meaningful investigative intake.

**2. Alleged civil-versus-criminal double standard.** Plaintiff alleges that when he reported conduct by the McMurtrys that he believed constituted criminal activity, Sheriff's Department personnel repeatedly characterized the matters as civil and declined or failed to provide comparable criminal-law enforcement. By contrast, when accusations arising from the same underlying property relationship were directed against Plaintiff, officials treated the matters as criminal or potentially criminal. Plaintiff alleges this materially different treatment formed part of a selective and retaliatory pattern.

**3. Order-of-protection allegations and later theft prosecution.** Plaintiff alleges that accusations arising from the McMurtry property dispute were first advanced against him in an Order of Protection proceeding that Plaintiff successfully opposed and that was dismissed. Plaintiff further alleges that substantially related accusations concerning an allegedly stolen deer stand were later used in criminal process in

Johnson County Case No. 2025-CM-23. Plaintiff alleges that 2025-CM-23 also terminated without a conviction and was dismissed, subject to the controlling docket and disposition records.

**4. 2025-CM-23 and Deputy Scott Sparks.** Plaintiff alleges Deputy Scott Sparks was a material initiating, reporting, investigating, or probable-cause actor in 2025-CM-23. Plaintiff recalls that Sparks' affidavit or probable-cause process may have relied materially on telephone or other unsworn accusations connected to Joshua D. McMurtry and/or Bridget McMurtry rather than Sparks' personal observation. Based on records produced or located by Plaintiff to date, Plaintiff has not identified a signed sworn affidavit or formal written witness statement executed by the complaining tenants supporting the accusations. Plaintiff pleads this point subject to verification from the complete original record, including the charging instrument, probable-cause affidavit, reports, telephone records or notes, interview materials, recordings, witness statements, metadata, and communications.

**5. Alleged lack of corroboration and physical-evidence preservation.** Plaintiff alleges that the deer stand was his own property or, at minimum, was subject to a genuine ownership or possession dispute. Plaintiff further alleges that law enforcement did not seize or confiscate the deer stand as evidence, did not establish a documented chain of custody for it, and did not adequately and independently verify McMurtry's ownership before criminal process was initiated or maintained. Plaintiff alleges that these circumstances are relevant to whether probable cause existed and whether a matter repeatedly characterized as civil when Plaintiff sought protection was selectively converted into a criminal matter when accusations were made against Plaintiff.

**6. Unequal aftermath of allegedly false accusations.** Plaintiff alleges that accusations made against him arising from the property dispute were processed into criminal proceedings, while his own criminal complaints against the McMurtrys were repeatedly minimized, characterized as civil, or not acted upon comparably. Plaintiff is not presently aware of criminal charges brought against the tenants for allegedly false accusations or false testimony arising from these events and pleads that point subject to verification through official records and discovery.

**7. Deputy Jonathon Gearing and the no-trespass document.** Plaintiff alleges that Deputy Jonathon Gearing personally delivered to Plaintiff a written no-trespass notice or comparable document purporting to exclude Plaintiff from property in which Plaintiff held ownership rights. Plaintiff alleges that no court order granting the tenants exclusive possession or otherwise authorizing Plaintiff's exclusion was shown to him at the time, and Plaintiff is not aware of any such order having existed. Plaintiff no longer possesses his copy. When Plaintiff later sought a documented copy from the Sheriff's Department, personnel initially indicated that time was needed to locate it and later stated that the Department did not have or could not produce it. Plaintiff thereafter requested the record through FOIA. Plaintiff possesses a contemporaneous video recording in which Deputy Scott Sparks allegedly acknowledges that a trespass action had in fact been issued or imposed. Plaintiff does not allege that Sparks admitted the action was unlawful; rather, Plaintiff alleges that the Department acknowledged the action occurred but later could not produce the underlying record or identify the lawful authority supporting it.

Plaintiff seeks discovery concerning who requested and authorized the no-trespass action; the precise land covered; the legal basis relied upon; any lease, court order, or other possessory document reviewed; the original notice; CAD/RMS entries; dispatch records; body-worn-camera and facility-surveillance recordings; communications with Joshua or Bridget McMurtry or the State's Attorney; and retention, deletion, purge, and audit records concerning the missing document.

**8. Related 2023 Gearing encounter.** Plaintiff alleges Gearing later approached him at a gas station in connection with what became Johnson County Case No. 2023-MT-90. Plaintiff states he had already parked at a fuel pump and exited the vehicle when Gearing entered and activated emergency lights. Plaintiff alleges he had committed no observed moving violation, did not know his registration was suspended, and had insurance at the time. Plaintiff seeks the underlying CAD, dispatch, registration-query timestamps, MDT records, body-camera, dash-camera, GPS/AVL, radio, and citation metadata before asserting any more specific constitutional theory than the evidence supports.

**9. Dustin Scheffer/Shafer.** Plaintiff alleges Scheffer/Shafer was involved in one or more interactions in which Plaintiff attempted to report stalking, intimidation, or extortion-related conduct and in which Plaintiff contends no accountable case number or meaningful investigation followed. Plaintiff alleges relevant body-camera, facility-surveillance, CAD/RMS, dispatch, or traceability records should exist or should be accounted for.

**10. Sheriff Sopczak and policymaker knowledge.** Plaintiff made numerous written complaints, FOIA requests, preservation demands, and litigation-hold notices concerning complaint intake, incident numbers, CAD/RMS data, dispatch and radio records, body-worn-camera footage, in-car video, lobby surveillance, reports, notes, witness statements, trespass records, audit logs, deletion or purge logs, metadata, chain-of-custody records, preservation records, and communications. Plaintiff alleges Sheriff Sopczak knew of, personally participated in, directed, ratified, or failed to correct aspects of the challenged complaint-intake, referral, evidence-preservation, and records-handling practices after receiving direct communications and notices.

**11. Government-side video and records preservation.** Plaintiff possesses three contemporaneous recordings that he personally created by livestreaming relevant encounters through Facebook Live and subsequently saving the resulting video files. These recordings are distinct from the Sheriff's Department's own body-worn-camera, lobby-surveillance, dash-camera, CAD/RMS, dispatch, and audit records. Plaintiff alleges that he repeatedly requested preservation and production of government-side recordings and associated metadata. Plaintiff further alleges that responses concerning Sheriff's Department records were, in material instances, transmitted through the Johnson County State's Attorney's Office rather than directly authored by Sheriff Sopczak or an identified Sheriff's Department FOIA officer or records custodian. Plaintiff alleges that at least one response reported that the Sheriff's Department had indicated there were 'no responsive records' for requested Sparks/Gearing trespass-related records. Plaintiff has not presently verified an affirmative admission by the State's Attorney that specific videos were purged and does not plead such an admission as established fact.

To the extent body-worn-camera recordings existed and were subject to statutory flagging or extended retention, Plaintiff seeks discovery concerning the date each recording was created; whether and when it was flagged; applicable retention requirements; preservation status; whether it was deleted, overwritten, purged, or otherwise became unavailable; the identity of persons or systems responsible; and any

required audit or deletion records. Plaintiff does not contend that a state-law retention violation, standing alone, automatically establishes liability under Section 1983.

**12. Property-sale losses and interference with marketability.** Plaintiff alleges that the Sheriff's Department's repeated refusal or failure to provide equal and accountable treatment regarding his asserted property rights, together with its allegedly favorable treatment of the tenants' position, allowed the disputed occupancy or lease position to continue being used against Plaintiff's ownership and sale efforts. Plaintiff alleges at least two prospective property transactions were lost. One prospective purchaser, a personal friend, told Plaintiff that a county employee had warned him that purchasing Plaintiff's land would be 'problematic' because of an alleged lease. Plaintiff pleads that statement as information reported to him by the prospective purchaser and does not presently identify the county employee as a proven fact.

**13. Retaliation and selective treatment.** Plaintiff alleges that one or more individual defendants took materially adverse official action because of his complaints, petitions, records requests, preservation demands, court activity, and criticism of local government. Plaintiff also alleges that complaints he made arising from the property conflict were refused, minimized, left without accountable intake, or not investigated while adverse allegations against him were processed into criminal action. Plaintiff understands that causation and all other elements must be proven.

**14. Municipal liability.** Plaintiff alleges that the challenged conduct reflects one or more policies, customs, practices, final-policymaker decisions, or deliberately indifferent failures in training or supervision concerning complaint intake, selective law-enforcement response, report-number assignment, trespass enforcement, referral, body-camera practices, evidence preservation, and records handling. Plaintiff does not assert municipal liability merely because individual defendants were county employees.

## F. Injuries and Damages

Plaintiff alleges severe and continuing physical, psychological, occupational, relational, social, and economic harm. Plaintiff has a history of Hashimoto's thyroid disease, PTSD, anxiety/panic symptoms, severe depression, sleep disturbance and insomnia, and reports high blood pressure. Plaintiff alleges that prolonged stress, fear, and instability associated with the events described in this complaint aggravated his symptoms and impaired his ability to function and work. Plaintiff reports two episodes of anxiety severe enough to require ambulance transportation to a hospital.

Plaintiff alleges serious disruption of marriage and family life and that his wife left in part because of fear concerning the treatment he was receiving from local government authorities. Plaintiff alleges severe damage to his social life and important personal relationships, including relationships with his best friend and father. Plaintiff became markedly reclusive and socially isolated and reports severe observable hoarding behavior affecting his living environment and daily functioning. Plaintiff does not plead a formal diagnosis of hoarding disorder unless supported by medical records.

Plaintiff alleges that PTSD, depression, anxiety, insomnia, and the need to learn legal procedures to defend himself caused him to spend substantial portions of his days and nights researching law, preparing documents, preserving evidence, seeking records, and attempting to protect his rights without counsel, substantially interfering with recovery, work, relationships, and normal life.

Plaintiff further alleges that he lost a specific employment opportunity because of the theft charge in 2025-CM-23, which he contends was wrongfully or falsely initiated. Plaintiff alleges the existence of that charge prevented or materially contributed to his inability to obtain the employment opportunity and caused loss of income and employment prospects. Plaintiff alleges that he has not recovered financially, emotionally, socially, or functionally from the cumulative effects of these events.

Plaintiff also alleges loss of equal access to law-enforcement services, interference with property use and protection, lost property-sale opportunities, diminished marketability, legal expense, reputational injury, emotional distress, impairment of his ability to investigate and litigate claims, and other compensable harm according to proof.

## G. Relief Requested

Plaintiff requests compensatory damages according to proof, including proven economic loss, lost employment opportunity, property-related loss, emotional-distress damages, and other compensable injuries; punitive damages against individual defendants where legally permitted and supported by proof; declaratory relief; narrowly tailored prospective relief necessary to preserve evidence or prevent continuing constitutional violations where the legal prerequisites are met; costs; and all other relief the Court deems just and proper. Plaintiff demands a jury trial on all issues triable by jury.

## H. Preservation, Evidentiary Qualification, and Amendment

Plaintiff has preserved native video files and documentary materials concerning multiple Sheriff's Department interactions and related court and records matters. Plaintiff identifies those materials for preservation and discovery purposes but does not ask the Court to treat unfiled evidence as established fact. Where Plaintiff states what another person told him, recalls the contents of a record, or describes a record not yet fully produced, he pleads the matter subject to verification through authenticated records, testimony, and discovery.

Plaintiff may seek leave to amend or supplement this pleading as permitted by the Federal Rules of Civil Procedure and applicable law if discovery identifies additional responsible persons, clarifies the participation of presently unidentified Doe defendants or private participants, reveals additional actionable policies or customs, or supplies facts necessary to refine or add legally cognizable claims.

This attachment is incorporated into the accompanying Pro Se 15 complaint. The Rule 11 certification and Plaintiff's wet-signature line appear on page 6 of the official form.

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**BENTON DIVISION**

**R. ERIC MARTEN, Plaintiff v. JOHNSON COUNTY, ILLINOIS, et al., Defendants**

Case No. ____________________ (Clerk's Office will provide)

## SUPPLEMENTAL CONTINUATION - DISCRIMINATORY TARGETING, RELEVANT NONPARTY ACTORS, AND PRESERVATION OF ADDITIONAL THEORIES

### I. Alleged Targeting Based on Perceived Native American Identity, Ancestry, and Family Association

Plaintiff alleges that discriminatory targeting based on perceived Native American or Potawatomi identity, ancestry, familial association, and perceived access to tribal funds forms part of the factual background and motive evidence relevant to his selective-treatment and Equal Protection allegations. Plaintiff does not allege that he himself is an enrolled tribal member. His children are Indigenous through their mother, including Potawatomi and Oneida ancestry, and Plaintiff alleges that his household and family were locally perceived and known as a Native American family in the immediate community.

Plaintiff alleges that local actors knew or believed that his children received or would receive tribal trust, per-capita, or related tribal funds and incorrectly assumed that Plaintiff personally had access to comparable tribal wealth. Plaintiff alleges that this perceived identity and perceived access to tribal money contributed to a pattern in which he and members of his family were treated as financial targets through criminal charges, court costs, property pressure, tax burdens, and other governmental or quasi-governmental actions. Plaintiff pleads this as an allegation of motive and discriminatory purpose to be tested through discovery, not as established fact.

### II. Statements by Attorneys Offered as Circumstantial Evidence of Targeting

Plaintiff alleges that during a paid consultation with former Johnson County State's Attorney Alan McIntyre, Plaintiff discussed his circumstances and that his children received tribal-related funds while Plaintiff did not receive the same type of money. Plaintiff's son, Tecumseh Marten, was present. Plaintiff alleges that McIntyre looked at Plaintiff and said, 'you're a target,' then looked at Tecumseh and said, 'you're a target,' and stated that Tecumseh's brothers were also targets. Plaintiff alleges Tecumseh personally witnessed these statements.

Plaintiff further alleges that attorney Theodore 'Ted' Hampson, whom Plaintiff had retained in connection with a prior truancy-related matter, later told Plaintiff, 'they don't like your last name here.' Plaintiff alleges that when he asked whether Hampson was saying the treatment was political, Hampson responded, in substance, 'basically, yes.' Plaintiff offers these statements as circumstantial background evidence of local hostility, discrimination, or political retaliation and does not allege that the statements, standing alone, establish the motive or liability of every named defendant.

### III. Relevant Nonparty Actors and Broader Coordination Theory

Plaintiff further identifies J. Jeremy Lloyd, Johnson County State's Attorney; Alan McIntyre; Theodore Hampson; Terminus Investments; Joshua D. McMurtry; Bridget McMurtry; and presently unidentified Johnson County assessment, taxation, tax-sale, and related officials as persons or entities whose communications, records, conduct, or relationships may bear upon the broader circumstances surrounding Plaintiff's property, criminal prosecution, law-enforcement treatment, tax-sale proceedings, and alleged deprivation of rights.

Plaintiff alleges a broader theory that multiple public offices and private participants may have coordinated or functioned in a mutually reinforcing manner. Plaintiff specifically alleges that State's Attorney J. Jeremy Lloyd participated in the criminal prosecution arising from McMurtry-related accusations and, in material instances, transmitted or signed responses concerning records requested from the Sheriff's Department. Plaintiff also alleges that property-tax and tax-sale events, including a substantial increase in taxes on his rural property and subsequent tax-sale involvement by Terminus Investments, warrant separate investigation and discovery concerning whether actionable coordination existed.

Plaintiff does not presently plead the existence of a RICO enterprise, racketeering scheme, fraud conspiracy, or unlawful agreement among all listed persons as an established fact merely because multiple offices or private actors were involved in related events. Plaintiff preserves the factual theory for investigation and may seek leave to amend or pursue separate claims if admissible evidence establishes the elements of a legally cognizable conspiracy, joint action, discriminatory scheme, civil RICO claim, or other cause of action.

### IV. Reservation to Amend and Separate Related Claims

This supplemental continuation is incorporated into the complaint. Plaintiff reserves the right to seek leave to amend under Federal Rule of Civil Procedure 15 as discovery identifies additional responsible persons, establishes legally sufficient joint action between private and governmental actors, clarifies the role of prosecutors or other officials acting outside protected functions, or produces evidence supporting additional constitutional or statutory claims. Plaintiff likewise reserves the ability to pursue separate actions concerning distinct property-tax, tax-sale, assessment, or private-party conduct if those claims are not properly joined in this action.

S2324A501245-12

RERIC MARTIN
507 N 11th
Vienna IL 62995

MAIL CLEARED
US MARSHALS

TO:

UNITED STATES DISTRICT COURT
SOUTHERN DIST OF IL
301 West Main st
Benton, IL
62812

Expandable Photo Document Mailer
9 3/4" x 12 1/4"

ReadyPost.

Push in to expand

93070014
9 3/4" x 12 1/4" Expandable Photo Document Mailer

RECEIVED
JUL 31 2026
STRICT COURT
CT OF ILLINOIS
FFICE

Send It Your Way




Visit USPS.com® for Shipping Supplies & Services

UNITED STATE
POSTAL SERV

PAPER POUCH
how2recycle.info

Expandable Photo Document Mailer
9 3/4"x12 1/4"
AIC-093
Product Code 93070014 September 2023
Visit Us At USPS.com
A product of the United States Postal Service®
MADE IN THE U.S.A.

0 15645 77796 5